UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X
                                                       :
IN RE NORTHWEST AIRLINES CORP.                         :   **ORDER**
                                                       :
                                                       :   07 Civ. 7940 (SAS)
                                                       :
------------------------------------------------------ X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On September 28, 1999, General Foods Credit Corporation ("GFCC"), BAE Systems (Funding), Ltd. ("BAE"), and Northwest Airlines ("NWA") entered into certain leveraged lease arrangements with respect to five aircraft. On September 14, 2005, NWA entered into bankruptcy proceedings pursuant to chapter 11 of title 11 of the United States Code. BAE filed proofs of claim with respect to the leases, and these claims were settled by a stipulation that was approved by the bankruptcy court. GFCC appeals that approval to this Court.

Putting to one side questions of GFCC's standing to appeal the approval of that settlement,[1] I note that GFCC has filed a separate proof of claim (claim no. 3995) with respect to the leases, NWA has filed an objection, and the

---

[1] *See Kane v. Johns-Manville Corp.*, 843 F.2d 636, 641 (2d Cir. 1988) ("A person who seeks to appeal an order of the bankruptcy court must be 'directly and adversely affected pecuniarily' by it") (quoting *Cosmopolitan Aviation Corp. v. New York State Dep't of Transp. (In re Cosmopolitan Aviation Corp.)*, 763 F.2d 507, 513 (2d Cir. 1985)); *International Trade Admin. v. Rensselaer Polytechnic Inst.*, 936 F.2d 744 (2d Cir. 1991).

-1-

bankruptcy court has not yet heard and decided that claim. In light of this pending proceeding, I conclude that the bankruptcy court's approval of the BAE settlement is not a final resolution of the issues arising from the leveraged lease structures.[2] Therefore, this appeal is dismissed without prejudice. In light of the substantial importance to the parties of a speedy resolution of these issues, this Court will accept an appeal from a final judgment as to GFCC's claim as related to this matter. The Clerk of the Court is directed to close this appeal.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         December 3, 2007

---

[2]   See In re Fugazy Exp., Inc., 982 F.2d 769, 776 (2d Cir. 1992) ("[F]or a bankruptcy court order to be final . . . the order need not resolve all of the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief."); see also In re Johns-Manville Corp., 824 F.2d 176, 180 (2d Cir. 1987).

- Appearances -

**For Appellant General Foods Credit Corp.:**

Andrew H. Schapiro, Esq.
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820
(212) 506-2500

John H. Voorhees, Esq.
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 701-7748

**For Appellee Northwest Airlines, Inc.:**

Bruce Robert Zirinsky, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281
(212) 504-6404

Mark C. Ellenberg, Esq.
Cadwalader, Wickersham & Taft, LLP
1201 F Street, N.W.
Washington, DC 20004
(202) 862-2238

**For Appellee BAE Systems (Funding One) Ltd.:**

Ken Coleman, Esq.
Allen & Overy, LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300

**For U.S. National Bank Assoc., as Trustee:**

Amy A. Zuccarello, Esq.
Richard Hiersteiner, Esq.
Jeanne P. Darcey, Esq.
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02199-7613
(617) 239-0100