ALLEN & OVERY LLP
Attorneys for BAE Systems (Funding One) Limited
Ken Coleman
1221 Avenue of the Americas
New York, New York 10020
Telephone (212) 610-6300

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> NORTHWEST AIRLINES CORPORATION, *et al.*, <br><br><br> Debtors. | Chapter 11 <br><br> Case No. 05-17930 (ALG) <br><br> Jointly Administered |
| GENERAL FOODS CREDIT CORP., <br>                                Appellant, <br><br> v. <br><br> NORTHWEST AIRLINES, CORP. <br>                                Appellee. | <br><br><br><br><br> Case. No. 07-7940 (SAS) |

**APPELLEE BAE SYSTEMS (FUNDING ONE) LIMITED'S MOTION FOR RECONSIDERATION OF THE COURT'S DECEMBER 4, 2007 ORDER DISMISSING THE APPEAL OF GENERAL FOOD'S CREDIT CORPORATION WITHOUT PREJUDICE**

BAE Systems (Funding One) Limited ("BAE"), through its undersigned counsel, respectfully moves this Court for relief pursuant to Rule 8015 of the Federal Rules of Bankruptcy Procedure from this Court's Order dated December 4, 2007 (the "Order"), dismissing without prejudice the appeal (the "Appeal") brought by General Food's Credit Corporation ("GFCC").  In support of its motion, BAE states as follows:

## PRELIMINARY STATEMENT

The stipulation at issue in this Appeal is a contract among BAE, U.S. Bank, National Association, acting solely as indenture trustee ("the Indenture Trustee") and Northwest Airlines Corporation ("NWA"), settling BAE's and the Indenture Trustee's claims against NWA. GFCC can no longer object to the allowed amount of BAE's claims in the Bankruptcy Court. Nor are there any motions pending before the Bankruptcy Court that would have the effect of modifying the allowed amount of BAE's claims.  Bankruptcy Judge Gropper's order is thus a final order within the meaning of 28 U.S.C. § 158(a) as interpreted by the Second Circuit Court of Appeals and should be resolved on the merits.  Accordingly, BAE respectfully requests that this Court reconsider its Order dismissing the Appeal without prejudice and grant the relief requested below.

## FACTUAL BACKGROUND

1.      On September 14, 2005, NWA and certain of its affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  On May 18, 2007, the Bankruptcy Court confirmed NWA's First Amended Joint and Consolidated Plan of Reorganization under Chapter

11 of the Bankruptcy Code [Docket 6944][1] (the "Plan"). NWA emerged from bankruptcy on May 31, 2007.

2. On or about August 16, 2006, BAE and the Indenture Trustee filed the five proofs of claim at issue in the Appeal: claim numbers 10995,[2] 10996, 10097, 10998 (as amended and superseded by claim 12216) and claim number 10999. The damages BAE and the Indenture Trustee asserted in their proofs of claim arose from NWA's rejection of separate leases of five aircraft (one lease per aircraft) entered into in five leveraged lease transactions (the "Leases"). At foreclosure sales conducted by the Indenture Trustee, BAE, as the secured party, bid in a portion of its debt to purchase the right to assert the lessors' damages under the Leases. *See* BAE's Appellate Brief at pages 2-5. Under the Leases, the lessor is entitled to liquidated damages which are referred to as stipulated loss value ("SLV").[3]

3. Thus, BAE and the Indenture Trustee filed proofs of claim, one per aircraft, reflecting the lessor's damages under the Leases — namely the SLV less the fair market value of the aircraft.

4. On July 6, 2006, GFCC filed proof of claim number 3995, relating to its purported rights as the equity investor in the leveraged lease transactions described above. Unlike the lease rejection damage claims filed by BAE and the Indenture Trustee which are

---

[1] Documents entered on the docket in the Bankruptcy Case below are referred to herein as ["Docket ____"].
[2] The Indenture Trustee is the record holder of claim number 10995.
[3] SLV is defined in the Leases: "'Stipulated Loss Value' with respect to the Aircraft as of any date through and including September 29, 2018, means, but subject always to the provisions of Section 3(d)(v) hereof, the amount determined by multiplying Lessor's Cost for the Aircraft by the percentage specified in Exhibit C hereto opposite the Stipulated Loss Value Date with respect to which the amount is determined (as such Exhibit C may be adjusted from time to time as provided in Section 3(d) hereof and in Section 7 of the Tax Indemnity Agreement). Stipulated Loss Value as of any date after September 29, 2018 shall be the amount determined as provided in Section 19(a) hereof."

calculated pursuant to the Leases, GFCC's purported rights are set forth in tax indemnity agreements to which neither BAE nor the Indenture Trustee is a party. GFCC asserted additional rights against NWA pursuant to limited indemnification obligations in other documents related to these transactions.

5. On May 17, 2007, NWA, BAE and the Indenture Trustee agreed to a compromise of BAE's and the Indenture Trustee's claims (the "Stipulation") which was submitted to the Bankruptcy Court for approval pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. GFCC's proof of claim was not addressed in the Stipulation.

6. GFCC objected to the Stipulation alleging that (i) the Stipulation is unreasonable because it proposes to "overpay" BAE and (ii) the Stipulation improperly prejudices GFCC's claims and/or limits GFCC's purported claims against BAE or "other parties." Objection of GFCC dated June 29, 2007 [Docket 7270] ¶ 1-2.

7. A hearing on GFCC's objection was held on July 26, 2007. On July 27, 2007, Bankruptcy Judge Gropper ruled on the record. The Bankruptcy Court held that the Stipulation would not result in an overpayment to BAE because no reduction of SLV was required under the operative documents. *See* Transcript of July 27 Hearing before Judge Gropper ("Transcript") 16:4-6. With respect to GFCC's alternative objection, the Bankruptcy Court held that "nothing in the stipulation that purports to bar any claim or constitute an injunction." Transcript 17:11-12. The Stipulation was so ordered and entered on the docket on July 31, 2007 in redacted form, and under seal in toto on August 2, 2007 [Docket 7439, 7447].

8. GFCC appealed. The parties completed briefing on October 18, 2007.

9. By letter dated November 20, 2007, BAE advised this Court of the significant prejudice to BAE resulting from delay in the resolution of the Appeal. Pursuant to NWA's Plan,

3

BAE cannot receive a distribution on the five claims at issue until its claims become allowed pursuant the Plan.  BAE's claims will not be allowed for purposes of the Plan until the Appeal is resolved, or the claims are otherwise allowed and the time to appeal has expired.  Because of GFCC's objection and Appeal, BAE has not received a distribution on the two prior distribution dates, during which time the value of the reorganized NWA's stock, which is the sole consideration BAE will receive under the Plan, has dropped 20%, and BAE will likely not receive a distribution on the next distribution date, January 2, 2008.  In the meantime, by operation of the Plan, GFCC has not been required to post bond to indemnify BAE for the costs of GFCC's litigation strategy.

## ARGUMENT

10.    On December 4, 2007, the Order was entered.  This Court held that in light of the proceeding pending on NWA's objection to GFCC's proof of claim, the Bankruptcy Court's "approval of the BAE settlement is not a final resolution of the issues arising from the leveraged lease structures." Order p. 2.  Therefore, your Honor dismissed GFCC's Appeal without prejudice.  Because the Appeal was dismissed without prejudice, the Appeal can be reinstated, and therefore the Plan provisions that prevent BAE from obtaining a distribution continue to be in effect.  As BAE understands your Honor's ruling, the Stipulation will be subject to appeal until NWA's objection to GFCC's proofs of claim is ruled upon.  Thus BAE will not receive a distribution until GFCC 's claim, to which it is not a party, is finally resolved.

11.    The Stipulation provides that NWA will not reduce the allowed amount of *BAE's* and the *Indenture Trustee's* claims as a result of the allowance of any other claim, including GFCC's.  Nothing in the Stipulation limits *GFCC's* rights, and nothing but GFCC's objection connects GFCC to the Stipulation.  GFCC chose to raise, in the context of the Stipulation, its

arguments regarding its entitlement to payment under its tax indemnity agreement with NWA. As a result, GFCC may now be precluded from relitigating those issues. But the potential preclusive effect of Judge Gropper's ruling on the issues raised by GFCC should not mean that the Stipulation is held in abeyance until GFCC's claims are resolved. If the ultimate result is that NWA is required to pay both BAE and GFCC, a result BAE does not believe is supported by the documents, the risk of double payment was assumed by NWA when it entered into the Stipulation in its reasonable business judgment in light of the relevant documents and case-law. The position GFCC is advancing has been rejected now by three Bankruptcy Courts and a District Court. Moreover, NWA was compensated for the assumption of that risk by the concessions made by BAE in the Stipulation.

12.     BAE understands your Honor's ruling to mean that because NWA's objection to GFCC's proof of claim is pending, Judge Gropper's approval of the Stipulation is not a "final judgment" within the meaning of 28 U.S.C. § 158(a) and therefore the District Court does not have jurisdiction to resolve the dispute. As described more fully below, as the Second Circuit has recently held, an order approving a settlement pursuant to Rule 9019 of the Bankruptcy Code is final when the objector can bring no further objections to the stipulation in the Bankruptcy Court and there is nothing more for the Bankruptcy Court to do to resolve the claim settled by the stipulation. Here, GFCC has exhausted its objections to the allowed amount of BAE's claims, and there is nothing more for the Bankruptcy Court to do to fix those claims. Accordingly, the Bankruptcy Court's order approving the Stipulation is a "final order" and is ripe for appeal.

13.     The District Court has jurisdiction to hear appeals from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). The District Court's jurisdiction is limited, insofar as is relevant

here, to appeals from final judgments, orders, and decrees and with leave of the court, from other interlocutory orders and decrees. *Id*.

14. Because "Congress intended to allow for immediate appeal in bankruptcy cases of orders that finally dispose of discrete disputes within the larger case" the standards for determining finality in bankruptcy differ from those applicable in ordinary civil litigation. *Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1283 (2d Cir. 1990) (citation omitted). As this Court recognized, "for a bankruptcy court order to be final. . . the order need not resolve all of the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." Order Fn. 2 (citing *Shimer v. Fugazy (In re Fugazy Exp., Inc.)*, 982 F.2d 769, 776 (2d Cir. 1992)). "Given the strong federal policy against piecemeal appeals, a 'dispute' for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted. " *Ades-Berg Investors v. Breeden (In re the Bennett Funding Group, Inc.),* 439 F.3d 155, 160 (2d Cir. 2006) (citing *In re Fugazy*, 982 F.2d at 775-76). "Under *Sonnax*, [the appellate court's] determination of the finality of [the lower court's] order depends on whether appellants will have another chance to assert their objections to the [s]ettlement [a]greement." *SEC v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 960 F.2d 285, 290 (2d Cir. 1992).

15. In *In re Bennett Funding,* the debtor was subject to numerous proceedings in various courts including the Bankruptcy Court for the Northern District of New York and the District Court for the Southern District of New York. *Ades-Berg Investors v. Breeden (In re Bennett Funding Group, Inc.),* 439 F.3d 155, 157 (2d Cir. 2006). The trustee in the bankruptcy proceeding commenced an action against the debtor's insurer seeking to bring the proceeds of the

6

insurance policy into the estate. *Id.* The beneficiaries of the policies were also named as defendants in that proceeding. Ultimately, the trustee and other interested parties reached a settlement. The effectiveness of the settlement was conditioned on the settlement being approved by the Bankruptcy Court and the District Court. The Northern District Bankruptcy Court approved the settlement under Rule 9019. The beneficiary defendants that opposed the stipulation did not immediately appeal from the entry of the Bankruptcy Court's order. Instead, the beneficiaries waited until the District Court approved the stipulation as well. The Bankruptcy Court denied them an extension of time to appeal, and the District Court then ordered the dissenting beneficiaries to show cause why their appeal should not be dismissed as untimely. *Id.* at 159.

16. The dissenting beneficiaries argued that the time to appeal had not expired because the Bankruptcy Court's order approving the stipulation was not final. *Id.* They argued that the lack of finality stemmed from the fact that the order was not effective unless approved by at least one other court.[4] The District Court held that the Rule 9019 order was final, and the dissenting beneficiaries appealed to the Second Circuit Court of Appeals. *Id.*

17. The Second Circuit affirmed, holding that (i) the trustee was empowered to settle *his* claims against the defendants on behalf of the debtor's estate, and (ii) the order was final because the objectors "did not have another opportunity to assert objections to the Agreement *in the Bankruptcy Court*." *Id.* at 162 - 63. "Once the Bankruptcy Court issued the 9019 Order there was simply nothing further to be done in the Bankruptcy Court, and the case was ripe for appeal despite the pending approvals of the other courts." *Id*. at 164. Even though the stipulation had to

---

[4] The dissenting beneficiaries also argued that the order was not final because by its terms the stipulation required that it be entered "substantially in the form annexed [thereto]" and the stipulation was modified by the bankruptcy court before it was approved. *Id.* at 160.

be approved by a number of courts before it became effective, and the objectors would undoubtedly have the opportunity to asserts objections elsewhere, the order was ripe for appeal from the Bankruptcy Court, because there was nothing further for the Bankruptcy Court to do to alter the parties' rights.

18. The facts here are remarkably similar. First, the Bankruptcy Court held that NWA as debtor-in-possession is empowered to settle BAE's claims against it, which it did by the Stipulation. Next, GFCC will not have another opportunity to assert objections to BAE's claim amount in the Bankruptcy Court, as that matter is fully resolved by the Stipulation. Significantly, the result of NWA's objection to GFCC's proof of claim will have no effect on the allowed amount of BAE's claims pursuant to the Stipulation. Whether NWA wins or loses on its objection to GFCC's claim, the allowed amount of BAE's claim will remain the same, fixed pursuant to the Stipulation. Thus, once the Bankruptcy Court issued the order approving the Stipulation, there was simply nothing further to be done in the Bankruptcy Court, and the matter was ripe for appeal.

WHEREFORE, BAE respectfully requests this Court to reconsider its Order, reinstate the Appeal, and provide BAE with such other and further relief as may be appropriate in the circumstances. Additionally, BAE respectfully requests that this court waive compliance with Local Rules 6.3 and 7.1, Local Bankruptcy Rule 9013-1, and this Court's individual Rule III(G).

Dated: New York, New York  
December 14, 2007

ALLEN & OVERY LLP

By: /s/   Ken Coleman  
Ken Coleman  
1221 Avenue of the Americas  
New York, New York 10020  
Telephone (212) 610-6300  
Facsimile (212) 610-6399

*Attorneys for BAE Systems (Funding One) Limited*

9